FILED
DEC - 2 2008

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| VU VUONG TRAN, ) | |
| ) | |
| Petitioner-Defendant, ) | Criminal Case No. 07-135-01-KI |
| ) | Civil Case No. 08-70018-KI |
| vs. ) | |
| ) | OPINION AND ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

Vu Vuong Tran
BOP. Reg. #65247065
Federal Correctional Institution
P. O. Box 5000
Sheridan, Oregon  97378

    Pro Se Petitioner-Defendant

Karin J. Immergut
United States Attorney
District of Oregon

Page 1 - OPINION AND ORDER

John C. Laing
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Defendant

KING, Judge:

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (#29) filed by defendant Vu Vuong Tran.

## PROCEDURAL BACKGROUND

On June 18, 2007, defendant pled guilty to Count One of the Indictment--distribution of MDMA (Ecstasy) in violation of 21 U.S.C. § 841(a)(1). He also stipulated to a violation of supervised release in case number CR 01-113.

On December 10, 2007, defendant was sentenced to 57 months' imprisonment with a three-year term of supervised release.

Judgment was entered on December 19, 2007. Defendant did not appeal his sentence and has not previously filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion since defendant fails to state a claim for relief.

I note that in his plea agreement defendant waived the right to file "a motion under 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute." Plea Agreement at 3 (June 18, 2007) (#14).

The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68. Defendant presents no facts from which I could find that his waiver was uninformed or otherwise

Page 3 - OPINION AND ORDER

defective. The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the plea agreement.

Plaintiff attempts to circumscribe his waiver by raising his arguments in the context of an ineffective assistance of counsel claim. Plaintiff argues his counsel failed to argue that MDMA is not a controlled substance, the weight of the mixture should not have been considered in the penalty determination, and the drug equivalency tables are not arbitrary.

To successfully raise an ineffective assistance of counsel claim, defendant must demonstrate that his attorney's performance was so deficient that it fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that the attorney acted reasonably and adequately. Id. Counsel is not ineffective for failing to make arguments that would have been obviously unfruitful. United States v. Quintero-Barraza, 78 F.3d 1344, 1349 (9th Cir. 1995).

Here, MDMA is a Schedule I Controlled Substance under 21 C.F.R. § 1308.11(d)(11). Defendant incorrectly focuses on the drugs listed in 21 U.S.C. § 812, arguing that MDMA is not among those identified. Congress, however, afforded power to the Attorney General to add by rule other drugs and substances, and it was through this power that MDMA was added as a Schedule I Controlled Substance. 21 U.S.C. § 811.

Defendant also asserts, "[t]here is no evidence that Congress intended the weight of the carrier (mixture) to be considered in the penalty determination of 21 U.S.C.S. § 841(b)(1)(c) [sic] violations." Mot. at 2. Defendant incorrectly interprets the statutory scheme. Unlike

Page 4 - OPINION AND ORDER

§§ 841(b)(1)(A) and (b)(1)(B), which provide for mandatory minimum terms of imprisonment for convictions involving certain weights of controlled substances, defendant faced no mandatory minimum sentence based on the weight of drugs he distributed. Instead, his sentence was calculated under the Guidelines, and his Base Offense Level would have been 26 regardless of whether the actual amount of the MDMA seized was known. See U.S.S.G. § 2D.1.1 App. Note 10(E) (defendant held responsible for 288.6 grams (just under 290 milligrams per tablet), resulting in Base Offense Level of 26); U.S.S.G. § 2D.1.1 App. Note 11 (if weight unknown, MDMA presumed to be 250 milligrams per tablet, also resulting in Base Offense Level of 26).

Finally, defendant asserts that the use of the Section 2.D1.1 table to him was unconstitutional. Defendant refers to the Drug Equivalency Tables, which convert drug weight to specified weights of marijuana to determine base offense levels. Defendant makes no coherent argument as to why the Sentencing Commission's analysis is arbitrary or otherwise a violation of his due process rights.

Since none of the arguments defendant makes would have been successful, defendant has failed to meet his burden under Strickland.

## CONCLUSION

Based on the foregoing, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (#29) is DENIED.

IT IS SO ORDERED.

Dated this _____2_____ day of December, 2008.

_____
Garr M. King
United States District Judge

Page 5 - OPINION AND ORDER